A. S. Smiley Construction Co. vs. Ernest E. Aspinwall, et al. } No. 82415.

May 29, 1930.

BLODGETT, P. J. Heard jury trial waived.

Plaintiff entered into an agreement to make certain changes and repairs in house of defendants.

Declaration contains only the common counts. A bill of particulars filed sets forth the work done and prices charged, the entire sum claimed being $1,194.92. Sketches of the proposed changes were made previous to beginning the work and blue prints introduced in evidence showing the work done.

Building contracts are fruitful sources of litigation, particularly such as involve repairs and reconstruction. The sole issue in the present case is whether the work was done in a reasonably workmanlike manner and the prices charged for labor and material fair and labor used, necessary.

Ernest E. Aspinwall, who arranged with Smiley to have the work done, was present during much of the progress of the job and kept a diary of complaints as to the nature of the work done, and as to claims of unnecessary labor.

The work was done on a day work basis, plaintiff furnishing labor and materials. The bill of particulars is very specific both as to labor and materials.

Defendant claims the amount of labor expended is excessive and calls attention to an item in placing sills on the brickwork and that the unnecessary labor amounted $11.20.

The original plans for this reconstruction were not drawn by plaintiff but were in defendant's possession when work was begun.

Defendant claims the trenches for cement forms were placed out of line, necessitating extra labor, but the original line for this was given by defendant and afterwards found to be wrong. The claim is made by defendant that extra work amounted to $20.

The next complaint is that side piazza posts were out of plumb which involved extra work amounting to $8.40.

Defendant claims that one Richardson, who started on the work and afterwards left the job, subsequently appears on the labor roll for 5½ hours at $1.55 per hour, amounting to $8.48 incorrectly charged. Richardson, however, testified that the labor charged was performed and not due to any error in the work.

Defendant claims a cement post was delivered which was short 20 inches, necessitating 6 hours' extra work, amounting to $8.40.

Then follow a series of complaints compiled from notes made by defendant as the work progressed, that one Schofield. a carpenter, lost on August 16, 17, 21, 22 and 28, altogether 40 hours in unnecessary labor caused by mistakes in the work. This amounted to $56. This was denied by witnesses for plaintiff.

The total amount of excess labor claimed by defendant is $155.

Thomas A. Doane, an expert, testified for defendant that a reasonable charge for such reconstruction would be $1.000, being $194.92 less than the amount claimed by plaintiff.

Three contractors appeared and testified for plaintiff that the charges were fair and the work properly done in a workmanlike manner. Two of them testified that $1400 would be a fair price for the reconstruction. Defendant was present apparently, from his testimony, during most of the time the work was going on, and could, if such glaring mistakes were so patent to him, have stopped the work at any period.

The Court is of the opinion that plaintiff has shown by a fair preponderance of the evidence that the work was properly performed, the prices fair and the materials properly furnished.

Decision for plaintiff for $1,194.92.
For plaintiff: Woolley & Blais. ·
For defendants: Hogan & Hogan.